IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

TREVOR TEAGARDEN,

        Petitioner,    :        Case No. 2:24-cv-3899

    - vs -        District Judge Algenon L. Marbley
        Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

           :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action was brought by Petitioner Trevor Teagarden with the assistance of counsel pursuant 28 U.S.C. § 2254 to obtain relief from his conviction in the Licking County Court of Common Pleas on one count of rape and three counts of gross sexual imposition. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 11), the Return of Writ (ECF No. 12), and the Petitioner's Reply (ECF No. 26). The Magistrate Judge reference of the case was recently transferred to the undersigned pursuant to Amended General Order 22-05 to help more evenly distribute the Magistrate Judge workload in the District.

**Jurisdiction: The Instant Petition is Not Second or Successive**

Respondent has not challenged this Court's jurisdiction over this case, but the existence of

a prior habeas corpus case involving the same offenses cautions this Court to consider that question *sua sponte.* Because the second or successive bar is jurisdictional, the Court deals with it to assure the Sixth Circuit in the case of appeal that the issue has been noticed.

Federal courts are required to assure themselves of their jurisdiction *sua sponte.* A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Capron v. Van Noorden*, 6 U.S. 126 (1804); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") adopted a limitation on second or successive habeas corpus petitions which prohibits a district court from considering a second or successive habeas corpus petition attacking the same conviction as a prior petition without permission from the circuit court of appeals. 28 U.S.C. § 2244(b). The second or successive prohibition is jurisdictional. A district court must determine whether the new petition actually satisfies the standard of § 2244(b). *Tyler v. Cain*, 533 U.S. 656, 661 n. 3 (2001). If the new petition is second or successive, the district court must transfer it to the circuit court for that court's determination of whether it may proceed. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

The Magistrate Judge concludes the instant Petition is not second or successive because it challenges a substantially harsher sentence entered on re-sentencing after dismissal of the prior habeas corpus case. See *Magwood v. Patterson*, 561 U.S. 320 (2010).

Petitioner was convicted of the offenses for which he is imprisoned after a bench trial in the Licking County Court of Common Pleas. He sought habeas corpus relief from the conviction in *Teagarden v. Warden*, Case No. 2:10-cv-495. Magistrate Judge Terrence Kemp recommended

2

dismissal with prejudice on May 3, 2011. Petitioner filed no objections and District Judge Michael Watson adopted that recommendation and ordered a judgment of dismissal with prejudice. However, he also granted a certificate of appealability on the following claim:

> Petitioner was denied his Sixth Amendment right to confront witnesses and his Fourteenth Amendment right to present a complete defense when the trial court prevented him from conducting a reasonable cross-examination of key witness Henry Strong, precluding the finder of fact from obtaining enough information to assess the defense theory of improper motive, and having a substantial and injurious influence upon the verdict.

(Order, ECF No. 14, PageID 865 in Case 2:10-cv-495). The Sixth Circuit did not decide that question, but affirmed on the basis of Teagarden's having failed to object to Judge Kemp's Report. *Teagarden v. Coleman*, Case No. 11-3705 (6th Cir. Sept. 28, 2012)(unpublished). The Supreme Court of the United States denied certiorari. *Teagarden v. Johnson*, Case No. 12-0658 (Oct. 9, 2013).

The instant case was filed August 28, 2024 (ECF No. 1). Question 14 on the standard form for § 2254 petitions asks "Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?" to which counsel answered "no." (ECF No. 1, PageID 13). The prior case is not disclosed. Perhaps that is because the Petition purports to challenge the conviction and sentence entered in the Ohio Supreme Court's Case 2023-0444 purportedly entered February 22, 2008 (Petition, ECF No. 1, PageID 2).

This is notably confusing. The Ohio Supreme Court did not and does not enter judgments of conviction; it is an appellate court[1]. Further reading of the record reveals that what is actually being challenged is the amended judgment of the Licking County Court of Common Pleas which sentenced Petitioner to imprisonment for ten years to life on count one (rape) and a consecutive

---

[1] The Ohio Supreme Court has some original jurisdiction, but not in criminal cases.

3

term of three years on count two for gross sexual imposition. That judgment was entered August 11, 2015, and is found in the State Court Record ECF No. 11, Ex. 20, PageID 325-28. That is the judgment on which Petitioner is presently confined and the judgment considered in this Report.

**Which Claims Are Properly Pleaded?**

The Petition formally pleads only one ground for relief:

> **Ground One:** The Ohio Supreme Court impermissibly denied Defendant's Motion for Reconsideration of its ruling which granted the State's appeal of the order reinstating Defendant's original sentence.
>
> **Supporting Facts**: In granting the State's appeal to set aside the trial court's ruling to immediately release the Defendant, the Supreme Court permitted the incarceration of Defendant on a sentence that had been ruled void.

(Petition, ECF No. 1, PageID 6).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

On its face the Petition does not state a claim upon which habeas corpus relief can be granted. There is no federal constitutional right to have a state supreme court reconsider one of its prior decisions. Upon filing, however, the Petition was accompanied by a Memorandum in

4

Support which purports to state three other bases on which relief should be granted:

> **Additional Ground One**
>
> In one of the remands, the State was given the "choice" on what crime Defendant should ultimately be sentenced. The State chose to sentence the Defendant to a crime which carried a 10 to life term of incarceration. In doing so, the State violated Rule 7(D) the result of which was an increased sentence.
>
> **Additional Ground Two**
>
> Defendant's sentence was unconstitutionally increased after he had begun serving the February 9, 2009, sentence.
>
> **Additional Ground Three**
>
> The State cannot move to correct an unlawful sentence 18 years after that sentence was journalized.

As support for Additional Ground One, Petitioner relies on Ohio R. Crim. P. 7(D) which prohibits amendment of an indictment which increases the penalty for a charged crime, citing *State v. Davis,* 121 Ohio St.3d 239 (2008).  This Additional Ground is not cognizable in habeas corpus because the Fifth Amendment Grand Jury Clause is not applicable to the States.  *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir.  2006).

As support for Additional Ground Three, Petitioner cites *State v. Henderson,* 161 Ohio St.3d 285 (2020).  Again, Additional Ground Three presents only a question of Ohio law which cannot be re-examined in habeas corpus.

Additional Grounds One and Three should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.  This Report will treat the Petition as supplemented with Additional Ground Two and analyze Petitioner's claim under the Double Jeopardy Clause.

**Cognizable Claim:  Petitioner's Current Sentence Violates the Double Jeopardy Clause**

In the judgment of the Licking County Court of Common Pleas under which Petitioner is now confined, he is to serve a ten years to life sentence for rape of a child under thirteen, followed by imprisonment on the gross sexual imposition counts.

He was convicted at a bench trial on the counts on which he is now imprisoned.  He appealed and the Fifth District Court of Appeals overruled eleven assignments of error, but remanded for consideration of merged under the allied offenses statute, Ohio Revised Code § 2941.25.  On remand, the trial court agreed with the merger argument and re-sentenced Petitioner to an aggregate of ten years imprisonment.

Petitioner did not appeal, but filed his first habeas corpus petition in this Court in Case No. 2:10-cv-495.  As noted above, that case was dismiss with prejudice with the dismissal affirmed because Petitioner had not objected to the recommendation for dismissal.  *Teagarden v. Coleman*, Case No. 11-3705 (6th Cir. Sept. 28, 2012), *supra*.

On the State's Motion, Petitioner was re-sentenced on November 26, 2013, to impose the mandatory term of post-release control.  Petitioner appealed, but while the appeal was pending the prosecutor determined the original sentence was improper because there is a mandatory life sentence on the rape charge.  The parties jointly moved to amend the indictment to charge attempted rape and Petitioner was re-sentenced on May  20, 2014, again consistent with the amendment.  Petitioner agreed to dismissal of the then-pending appeal, but appealed again to the Fifth District.  That court reversed and remanded for re-sentencing again, making the following relevant rulings.

Petitioner's First Assignment of Error was "I. The lower court erred in its three attempts to

6

resentence defendant pursuant to the mandates of this court's December 22, 2008, opinion." The Fifth District found the trial court's attempts at re-sentencing were inconsistent with its 2008 decision. Under the law of the case doctrine, Petitioner remained convicted of rape of a child under thirteen. *State v. Teagarden*, 2015-Ohio-2563 ¶¶ 23-25 (Ohio App. 5th Dist. Jun. 23, 2015). Attempts to amend to charge an attempt were void. *Id.* at ¶ 26. Moreover, it held Petitioner had no proper expectation of finality in the lower sentence:

> ¶ 29} Moreover, this is appellant's third appeal of his sentence. Where the appellant has repeatedly appealed the sentence, of course there can be no expectation of finality. "[I]t should be self-evident that a defendant does not have a legitimate expectation in the finality of his original sentence when he appeals the sentence; [t]o hold otherwise would result in a no-lose situation for the defendant in every sentencing appeal." *State v. McAninch,* 1st Dist. Hamilton No. C–010456, 2002–Ohio–2347, ¶ 10.

*Id.* The Fifth District expressly held there was no Double Jeopardy bar to resentencing:

> {¶ 31} Double jeopardy thus does not bar resentencing in this case, even where the sentence appellant receives is greater than his original sentence. *Id.* See also, *State v. Simpkins,* 117 Ohio St.3d 420, 427–28, 2008–Ohio–1197, 884 N.E.2d 568, 57677, ¶¶ 31–37 (2008) (superseded on other grounds), in which the Ohio Supreme Court stated:
>
>> As the federal appellate courts have recognized, " 'a trial court not only *can* alter a statutorily-invalid sentence in a way which might increase its severity, but *must* do so when the statute so provides.' " [Citations omitted]. "Even after the defendant has commenced to serve his sentence, that power and that obligation continue." In cases in which the increase to the defendant's sentence is due to a "legally incomplete" sentence rather than in response to a mistake of fact, a change of heart, or vindictiveness, we find no due-process or other constitutional violation.

On remand the Licking County Common Pleas Court imposed the sentence Petitioner is now serving (Judgment Entry, State Court Record, ECF No. 11, Ex. 20). Subsequent decisions by

7

the Fifth District have held new claims by Petitioner are barred by *res judicata* and have continued to uphold the validity of the 2015 judgment.

In the Introduction to his Traverse, Petitioner's counsel asserts the merits of his Double Jeopardy claim:

> This case has meandered the well-worn trail of the appellate process up and down to the Ohio Supreme Court. The issue here is that the judge, who was the fact finder in this case, sentenced the petitioner to seven years. There were appeals, and none of the judges made the statement; this conviction carries a sentence of ten to life in prison. This is now the sentence. He was sentenced to seven years, then nine years, then ten years, and finally ten years to life. This must be double jeopardy. Whenever the Petitioner goes back to court, he receives a new sentence and, in one case, release from prison. There is no justice in that for anyone.
>
> Double jeopardy was meant to bring finality to a defendant's anxiety regarding their punishment. Petitioner has never felt this finality. It has changed. Without warning.

(Traverse, ECF No. 26, PageID 1278). Counsel spends the next twelve pages reciting the factual findings of the state courts and the procedural history. *Id.* at PageID 1278-89. Finally at page 14 (PageID 1290), counsel admits the first claim made in the Petition does not state a cognizable constitutional claim and blames the pleading on prior counsel. *Id.* Counsel does asserts Petitioner raised a double jeopardy claim *pro se* in the motion for reconsideration to the Ohio Supreme Court. *Id.* He also admits that the third claim about enforcement of *State v. Henderson,* 161 Ohio St.3d 285 (2020), raises only a state law claim. This leaves, by Petitioner's concession, only the Double Jeopardy claim to be adjudicated.

The Fifth District Court of Appeals decided the Double Jeopardy claim on the merits, as noted above. The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") instructs federal courts what they must do with habeas corpus claims decided by the state courts on the merits: When a state court decides on the merits a federal

8

constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).

Petitioner agrees that the decision we must review is the last reasoned state court decision on the merits and also agrees with the conclusion reached above that the relevant state court decision is that of the Fifth District Court of Appeals quoted above. The issue under AEDPA is whether the state court unreasonably applied the holdings of applicable United States Supreme Court precedent. The only Supreme Court case argued to be relevant is *United States v. DiFrancesco*, 449 U.S. 117 (1980). In that case a provision of the Organized Crime Control Act of 1970, codified at 18 U.S.C. § 3576, allowed the United States to appeal a sentence imposed on someone found to be a dangerous special offender. The district court had made two such findings as to DiFrancesco and imposed concurrent one-year sentences. The appeals court had reversed on Double Jeopardy grounds and the Supreme Court reversed, holding that "[t]he Double Jeopardy Clause does not provide the defendant with a right to know at any specific moment in time what the exact limit of his punishment will turn out to be." In *DiFrancesco*, the Court reviewed the history of Double Jeopardy jurisprudence and then stated that in this case:

> The double jeopardy focus, thus, is not on the appeal but on the relief that is requested, and our task is to determine whether a criminal sentence, once pronounced, is to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury's verdict of acquittal. We conclude that neither the history of sentencing practices, nor the pertinent rulings of this Court, nor even considerations of double jeopardy policy support such an equation.

449 U.S. at 435. Given that focus, the Supreme Court reversed the Double Jeopardy holding of the Court of Appeals.

Petitioner has failed to demonstrate that the Fifth District's decision here is an unreasonable application of the holding in *DiFrancesco* or even of any dictum in the case. He focuses on the confusion of a number of state actors on the appropriate sentence, but does not dispute that the mandatory minimum sentence for rape of a child under thirteen is, and had been since he committed the offense, ten years to life, the sentence he is now serving.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 9, 2025.

s/ <i>Michael R. Merz</i><br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.