IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| TREVOR TEAGARDEN, | : |
| Petitioner, | : Case No. 2:24-cv-3899 |
| - vs - | : District Judge Algenon L. Marbley |
| | : Magistrate Judge Michael R. Merz |
| WARDEN, Pickaway Correctional, Institution, | : |
| Respondent. | : |

**OPINION AND ORDER**

This habeas corpus action was brought by Petitioner Trevor Teagarden with the assistance of counsel pursuant 28 U.S.C. § 2254 to obtain relief from his conviction in the Licking County Court of Common Pleas on one count of rape and three counts of gross sexual imposition. It was referred to a Magistrate Judge who has filed a report and recommendations recommending dismissal (the "Report," ECF No. 28). Petitioner has objected to the Report (ECF No. 31) and those Objections are now before the District Court for consideration.

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Report with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are OVERRULED for the reasons set forth below.

**I.    BACKGROUND**

Because Petitioner had previously filed a petition for writ of habeas corpus directed to the same conviction (See *Teagarden v. Warden*, Case No. 2:10-cv-495), the Magistrate Judge reviewed the question whether the instant Petition was "second or successive" under 28 U.S.C. §

2244(b) and thus required circuit court permission to proceed. Applying *Magwood v. Patterson*, 561 U.S. 320 (2010), and its progeny, the Report concluded this Court had jurisdiction and could proceed. Neither party objected to that conclusion. However, out of an abundance of caution, the Court has reviewed the question and agrees it has jurisdiction to proceed.

## II. LAW AND ANALYSIS

While the Petition did not properly state a claim for relief on its face, the Magistrate Judge read the accompanying Memorandum as pleading three possible claims:

> **Additional Ground One**
>
> In one of the remands, the State was given the "choice" on what crime Defendant should ultimately be sentenced. The State chose to sentence the Defendant to a crime which carried a 10 to life term of incarceration. In doing so, the State violated Rule 7(D) the result of which was an increased sentence.
>
> **Additional Ground Two**
>
> Defendant's sentence was unconstitutionally increased after he had begun serving the February 9, 2009, sentence.
>
> **Additional Ground Three**
> The State cannot move to correct an unlawful sentence 18 years after that sentence was journalized.

(Report, ECF No. 28, PageID 1305).

The Report concluded Additional Grounds One and Three did not state claims for relief under the Constitution. Petitioner does not object to this conclusion (Objections, ECF No. 31, PageID 1324). Petitioner does object, however, to the Report's conclusion that there is no merit to his Double Jeopardy claim which is that once he began to serve the lesser sentence for attempted rape, re-imposing the mandatory minimum term violated the Double Jeopardy clause.

It is undisputed that, at the time Petitioner committed the offense of rape of a child under thirteen, Ohio law provided a mandatory minimum sentence for that offense of life imprisonment.

2

At one point in the lengthy state appellate history of this case, the prosecutor attempted to amend that charge to attempted rape.  However, the Ohio Court of Appeals found the trial court had no authority under Ohio law to make that amendment and Petitioner was bound to serve the mandatory minimum term, which he is now serving.

In his Traverse, Petitioner argued this claims as follows:

> He was sentenced to seven years, then nine years, then ten years, and finally ten years to life. This must be double jeopardy. Whenever the Petitioner goes back to court, he receives a new sentence and, in one case, release from prison. There is no justice in that for anyone.
>
> Double jeopardy was meant to bring finality to a defendant's anxiety regarding their punishment. Petitioner has never felt this finality. It has changed. Without warning.

(Traverse, ECF No. 26, PageID 1278).

The Report concluded the Ohio Fifth District Court of Appeals had decided this Double Jeopardy claim on the merits and that the burden on Petitioner in habeas was to show this conclusion was contrary to or an objectively unreasonable application of clearly established Supreme Court precedent (ECF No. 28, PageID 1309).  The Report also noted that the only Supreme Court case Petitioner argued to be relevant was *United States v. DiFrancesco,* 449 U.S. 117 (1980).  *Id.*  In that case, a federal court of appeals had reversed on Double Jeopardy grounds imposition of two concurrent one-year sentences on a defendant found to have been a "dangerous special offender."  The Supreme Court reinstated the District Court's sentence and held, as the Report notes, "[t]he Double Jeopardy Clause does not provide the defendant with a right to know at any specific moment in time what the exact limit of his punishment will turn out to be." (Report, ECF No. 28, PageID 1309).  Finding the Fifth District's conclusion in this case was not an objectively unreasonable application of *DiFrancesco*, the Report recommended denying

Petitioner's Double Jeopardy claim. Petitioner objects, but his objection is completely conclusory: he offers no argument about how the Fifth District's decision misapplies *DiFrancesco*. Indeed, the Objections cite no Supreme Court precedent at all on double jeopardy.

### III.   CONCLUSION

The Objections fails to persuade the Court of any error in the Report. The Report is accordingly adopted and the Objections are overruled. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT JUDGE**

 **DATED:  November 21, 2025**